# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8123 | **DATE** | 9/7/2001 |
| **CASE TITLE** | Rodney Watt, et al. vs. City of Highland Park, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 10/11/2001 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Motion by Plaintiffs Watt, Northam, Dabrowski, Nolan, and Coursey to dismiss Counts 4, 5, and 6 of their second amended complaint [80] is granted. Motion by Defendants Dahlberg, Scott, Bonamarte, Rottman, Benton, Caskey, Schwarz, Coffee, Cameron, Rattunde, Weaver, and Cohen to dismiss plaintiffs' second amended complaint [63] is granted as to all defendants except for Dahlberg and Bonamarte for Count 1; and granted as to all defendants for all remaining counts. Motion by Defendants Pierce, Limardi, Barron, Brusslan, Greenebaum, Kamin, and City of Highland Park to dismiss plaintiffs' second amended complaint [65] is granted as to all defendants except for the City of Highland Park for Count 1; and granted as to all defendants for all remaining counts. Motion by Defendant Tellone to dismiss plaintiffs' second amended complaint [66] is granted as all counts. Motion by Defendant Smith to dismiss plaintiffs' second amended complaint [68] is granted as to all counts. Defendant Smith's motion for leave to file a memorandum in excess of 15 pages [67-1] is granted. A status hearing is ordered for October 11, 2001 at 9:30 A.M..

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | SEP date docketed 2001 | |
| | Notices mailed by judge's staff. | FILED FOR DOCKETING 01 SEP 10 PM 2:18 | | 82 |
| ✓ | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials EB | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

RODNEY WATT, et al.             )
                                )
        Plaintiffs,              )
                                )
    v.                           )   Case No. 98 C 8123
                                )
CITY OF HIGHLAND PARK, et al.    )   Judge Joan B. Gottschall
                                )
        Defendants.              )

## MEMORANDUM OPINION AND ORDER

The plaintiffs have filed a seven-count complaint against the defendants. The plaintiffs are current and former Highland Park police officers who claim that they suffered retaliation from the defendants after they reported misconduct by the Highland Park Police Department. The defendants, numbering twenty-two in all, are current and former Highland Park police officers, current and former chiefs and deputy chiefs of police, members of the Highland Park Civil Service Commission, the City of Highland Park, the mayor of Highland Park, the city manager of Highland Park, and the city attorney for Highland Park. The plaintiffs now move to dismiss Counts 4-6 of their complaint. The defendants move to dismiss all seven counts.[1] For the reasons set forth below, the plaintiffs' motion to dismiss is granted, and the defendants' motions to dismiss are granted in part and denied in part.

### *Background*

The plaintiffs assert that the Highland Park Police Department has engaged in serious and

---

[1] All defendants except for Ernest Castelli, a retired police commander, have moved to dismiss the plaintiffs' second amended complaint.

1

widespread wrongdoing. Specifically, the plaintiffs claim that the police have illegally engaged in the racial profiling of minorities for the purposes of stops and arrests; that the police command staff has cultivated an atmosphere of intolerance toward African-Americans, Hispanics, and Jews; that the defendants have discriminated against minorities in the hiring of police officers; that they have "utilized excessive and illegal force upon racial and ethnic minorities during police operations;" that they have falsified government documents submitted to the State of Illinois and the Federal Bureau of Investigation; that the defendants "have misused City property;" and that the defendants have shown favoritism in their treatment of Highland Park residents with "connections" to the department. (Sec. Am. Compl. ¶18.)

Plaintiffs claim that they "refused to participate" in the conduct alleged above and that they brought this conduct "to the attention of their supervisors, the Highland Park city government, and the courts." (Sec. Am. Compl. ¶20.) Plaintiffs further allege that because they refused to participate in this conduct and because they publicly reported this conduct, the defendants "have intimidated, punished, and otherwise retaliated" against the plaintiffs. (*Id.* at ¶20.) This retaliation is the basis for the plaintiffs' complaint.

Specifically, the plaintiffs claim that the defendants have initiated and maintained "unfounded disciplinary actions," threatened the loss of plaintiffs' jobs, wrongfully suspended the plaintiffs with loss of pay, made death threats, defamed the plaintiffs, failed to give the plaintiffs "a meaningful and timely name-clearing hearing," attempted to "bust" the patrol officers' union of which the plaintiffs are members, discriminated against the plaintiffs in "promotions, job assignments, job training, and otherwise," shown favoritism to those who have

been loyal to the defendants, and have "discriminated against females." (*Id.* at ¶20.) The plaintiffs further allege that this retaliation led to the constructive discharge of plaintiffs Dabrowski and Nolan.

The plaintiffs voluntarily withdrew their original complaint, and the court dismissed the plaintiffs' first amended complaint without prejudice, finding that it did not comply with the requirements of Federal Rule of Civil Procedure 8. The complaint at issue, the plaintiffs' second amended complaint, makes seven claims. Count 1 is brought pursuant to 42 U.S.C. § 1983, alleging that the defendants violated and conspired to violate the plaintiffs' constitutional rights under the First and Fourteenth Amendments to the United States Constitution. Count 2 is brought pursuant to 42 U.S.C. § 1985, alleging that the defendants conspired to prevent the plaintiffs from testifying in judicial proceedings and conspired to deprive the plaintiffs of equal protection of the laws. Count 3 is brought pursuant to 42 U.S.C. § 1986, alleging that the defendants knowingly failed to prevent the conspiracies alleged under 42 U.S.C. § 1985. Count 4 is brought pursuant to 18 U.S.C. § 1962(b), alleging that the defendants acquired and maintained an interest in or control of an interstate enterprise by means of racketeering acts. Count 5 is brought pursuant to 18 U.S.C. § 1962(c), alleging that the defendants committed racketeering acts in the operation of an interstate enterprise. Count 6 is brought pursuant to 18 U.S.C. § 1962(d), alleging that the defendants conspired to commit racketeering acts. Count 7 is a claim of conspiracy to commit common law fraud.

Plaintiffs now move to dismiss Counts 4-6, the RICO Counts, of their second amended complaint, and their motion is granted. Defendants move to dismiss all remaining counts.

3

## *Analysis*

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court should dismiss a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (citations omitted). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *See Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

## Count 1: 42 U.S.C. § 1983

In Count 1, the plaintiffs allege that the defendants have both violated and conspired to violate § 1983. The court will first address the defendants' motions to dismiss allegations of substantive violations of § 1983. Then, the court will turn to the defendants' motions to dismiss the allegations of a conspiracy to violate § 1983.

*§ 1983 Substantive Allegations*

<u>Motions to Dismiss by All Police Officers Except Dahlberg and Bonamarte</u>

While federal notice pleading standards demand little of a ¶1983 complaint, each defendant is entitled to notice of the wrongs with which he is charged. *See Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999) ("It is true that all the federal rules require of a complaint is that it put the defendant on notice of the plaintiff's claim; but notice implies some minimum description of the defendant's complained-of conduct.") The major problem facing the court in trying to determine if plaintiffs' second amended complaint satisfies

4

this minimal standard is that plaintiffs have pleaded their claim against all of the defendants without differentiation. It is true that in their lengthy introductory section, plaintiffs make some allegations about what different groups of defendants did "in general," asserting, for instance, that "in general, Defendants Bonamarte and Dahlberg (the current and former police chiefs) have formulated the wrongful conduct against the Plaintiffs, Defendants Pierce and Limardi (the mayor and city manager of Highland Park) have knowingly allowed the conduct to continue, thereby ratifying same, the Defendant Commanders, Sergeants, and Defendant Tellone (identified as a Highland Park police officer) have knowingly carried out the wrongful instructions given to them by Bonamarte and/or Dahlberg . . . ." (Sec. Am.Compl. ¶22.) But when it comes to the specific claims, such as the ¶1983 claim in Count 1, plaintiffs provide no indication of what they are alleging that each defendant did.

Defendant police officers Rottman, Caskey, Benton, Scott, Schwarz, Cohen, Cameron, Coffee, Rattunde, Weaver and Tellone move to dismiss on this basis. Plaintiffs argue that ¶22, described above in pertinent part, provides sufficient notice. The court disagrees. Regarding Officers Rottman, Caskey and Benton, they are not identified as commanders or sergeants and are not otherwise mentioned in ¶22. Regarding the other officers, ¶22 merely states that they "knowingly carried out the wrongful instructions" given to them by Bonamarte and/or Dahlberg. Paragraph 22 does not suggest the nature of the wrongful instructions that individual officers allegedly carried out and if read literally, would absurdly charge each police officer with carrying out everything from the "initiation and maintenance of unfounded disciplinary actions" to "threats of job-loss" and "unwarranted suspensions." (Sec.

Am. Compl. ¶20.) *See generally Guy v. State of Illinois*, 958 F.Supp. 1300, 1307 (N.D.Ill. 1997). These defendants are dismissed from Count 1.

Motions to Dismiss by Current and Former Police Chiefs Dahlberg and Bonamarte

Defendants Dahlberg and Bonamarte move to dismiss on Rule 8 grounds as well, but as to them, the Second Amended Complaint is probably sufficient since paragraph 22 alleges that Dahlberg and Bonamarte "formulated" the wrongful conduct against plaintiffs and paragraph 20 identifies what that wrongful conduct was. Dahlberg and Bonamarte further argue that the allegations of Count 1 fail to allege a violation of plaintiffs' free speech rights. While plaintiffs have made it exceedingly difficult to find the gravamen of their claim, the court has located something that looks like a First Amendment claim nestled in paragraph 20 ("and because the Plaintiffs in fact brought the conduct described in ¶18 to the attention of their supervisors, the Highland Park City government, and the courts . . ."). From this it can be inferred that plaintiffs' speech touched upon a matter of public concern. *See Bd. of Cnty. Com'rs. v. Umbehr*, 518 U.S. 668, 676 (1996). Moreover, this paragraph sufficiently alleges causation to make out a retaliation claim in that it alleges that defendants' actions were taken because of plaintiffs' speech. The First Amendment claim against these defendants is probably sufficient.

Defendants Dahlberg and Bonamarte also argue that plaintiffs' claims should be dismissed because plaintiffs have failed to allege that the actions of which they complain were committed within the applicable two-year limitations period. *See Lucien v. Jockisch*, 133 F.3d 464, 466 (7th Cir. 1996). While plaintiffs may run into significant statute of limitations problems down the road, the law is clear that unless a matter of defense appears plainly on the

6

face of the complaint, the complaint should not be dismissed on that basis. *See Khalil v. Town of Cicero*, 1989 WL 122414, at *1 (N.D.Ill. Oct. 2, 1989) *(citing Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067 (11th Cir. 1984)); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 1357 at pp. 348-49 (1990). Not much appears plainly on the face of plaintiffs' complaint, and a limitations defense is no exception. The motion to dismiss on this basis is denied, but plaintiffs are cautioned that, particularly in relation to the retired chief of police, Defendant Bonamarte, they better have a good faith basis for the claim that this defendant committed wrongdoing not barred by the statute of limitations, or they will have to contend with Rule 11 later.

The claims against Dahlberg and Bonamarte stand.

City Attorney Smith's Motion to Dismiss

City Attorney Smith moves to dismiss the complaint, arguing that he is entitled to absolute immunity for his actions in prosecuting the plaintiffs. The complaint alleges that "[d]efendant Smith has prosecuted the disciplinary proceedings knowing that the charges against the Plaintiffs are made in retaliation for the exercise of their civil rights and in order to intimidate them." (Sec. Am. Compl. ¶22.) Plaintiffs respond that Smith may be entitled to immunity from a suit for damages, but he is not immune from a suit for injunctive relief.

Smith is, indeed, entitled to absolute immunity. The Seventh Circuit has recognized that city attorneys are entitled to absolute immunity for their prosecutorial actions. *See Auriemma v. Montgomery*, 860 F.2d 273, 280 (7th Cir. 1988). Absolute immunity attaches to prosecutorial actions regardless of the motive behind them. *See Imbler v. Pachtman*, 424, U.S. 409, 427

(1976). Because plaintiffs' allegations concern Smith's prosecutorial actions, Smith is entitled to absolute immunity. As mentioned above, the plaintiffs contend that Smith is not immune from a suit for injunctive relief. The court notes, however, that in their prayer for relief, the plaintiffs make no mention of an injunction regarding Smith or the functions of the city attorney. Smith is dismissed from Count 1.

Motions to Dismiss by Members of the Civil Service Commission

In paragraph 22, the complaint alleges that the members (Peter Barron, Robert Greenebaum, Herbert Kamin, and Daniel Brusslan) of the Highland Park Civil Service Commission (CSC) "knowingly allowed themselves to operate under the undue pressure from Bonamarte and/or Dahlberg in the disciplinary process, and in allowing the cheating and other improper promotional activity (even applying for promotion by the Plaintiffs being a useless act)." (Sec. Am. Compl. 22.) Plaintiffs' promotions claims appear in somewhat more detail in ¶20(d), but basically, their complaint is that the promotion process is unduly influenced and is unfair. Plaintiffs seem to be alleging both that civil service rules are being violated (which rules are not specified) and that the promotion process discriminates against union members and females. Plaintiffs have not alleged that they applied for promotions.

All the members of the CSC move to dismiss Count 1, contending that they have absolute immunity for claims related to the disciplinary hearings, and that the claims related to promotions fail to satisfy Rule 8, fail to relate to any of the alleged federal claims, and are time-barred. The secretary of the CSC, Peter Barron, further argues that he is a non-voting member of the CSC and therefore has no power to affect either disciplinary proceedings or the promotions process.

The plaintiffs do not dispute that members of the CSC have absolute immunity from damages suits arising from the CSC's disciplinary role. The plaintiffs maintain, however, that the CSC is not immune from suits for injunctive relief arising from their disciplinary role. Furthermore, the plaintiffs argue that their promotions claims satisfy Rule 8, relate to their federal claims, and are not time-barred. The plaintiffs have not addressed Barron's arguments.

The plaintiffs rightly concede that the members of the CSC are immune from suits for damages arising from their role in disciplinary hearings. *See Sangirardi v. Village of Stickney*, 1999 WL 1045223 (N.D.Ill. Nov. 15, 1999) (holding that members of police disciplinary board have absolute immunity from suit because of their judicial roles). The plaintiffs maintain, however, that the members of the CSC are not immune from suits for injunctive relief. In their reply brief, the members of the CSC argue that the plaintiffs have failed to properly seek such a remedy. The court agrees with the members of the CSC. The plaintiffs' prayer for injunctive relief asks for the "overturning [of] all promotions in the Highland Park Police Department from 1991-present, inclusive, mandating that Commanders be replaced with Lieutenants, subject to Civil Service review" and the ending of "favoritism, nepotism, discrimination, cheating on the promotional examinations, and the undue influence brought to bear upon the Civil Service Commission. . . ." (Sec. Am. Compl. at p. 10.) The prayer for relief does not properly request that the court enjoin the CSC in its disciplinary role. The closest that the plaintiffs arguably come to doing so is requesting that the court enjoin some unspecified entity to cease exerting undue influence on the CSC. This request is not the same as one requesting an injunction against the CSC in its disciplinary role.

The members of the CSC also argue that plaintiffs' promotion-related allegations should

be dismissed. The complaint does not make clear what the CSC's members are alleged to have done, other than acquiescing in various acts of misconduct by others such as cheating. The plaintiffs allege that the CSC "does not balance the written and oral tests as it should," but then provide detail which makes it sound as if their complaint is not about a discriminatory promotions test but, rather, about a process which fails to follow (presumably local) civil service rules and allows the Chief of Police to dominate the promotions process. It is unclear what if any federal civil right plaintiffs think this conduct implicates. More important, plaintiffs fail to allege that they applied for or were denied any desired promotion. The promotions claim against members of the CSC is accordingly dismissed. Since no claims remain against the members of the CSC, the court need not decide whether defendant Barron, as a non-voting member, has any potential liability. The members of the CSC are dismissed from Count 1.

Motion to Dismiss by City of Highland Park

The City of Highland Park moves to dismiss Count 1, arguing primarily that the plaintiffs have not adequately alleged a *Monell* claim of municipal liability, and that the claim is time-barred. *See Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). In order to recover against the City under § 1983, the plaintiffs must show that the violations resulted from either (1) "an express policy," (2) a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law," or (3) "the actions of a person with final policymaking authority." *Looper Maintenance Serv. v. City of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999) (internal quotation marks and citation omitted). In Illinois, the statute of

limitations for actions brought pursuant to § 1983 is two years. *See Lucien v. Jockisch*, 133 F.3d 464, 466 (7th Cir. 1998).

The plaintiffs plead in paragraph 20 that the defendants' alleged wrongdoing constitutes "part of a custom and/or usage with the force of law in Highland Park." (Sec. Am. Compl. ¶20.) The City argues that this allegation is conclusory. Admittedly it is. Nevertheless, the Seventh Circuit's decision in *McCormick v. City of Chicago*, 230 F.3d 319, 324-25 (7th Cir. 2000), makes clear that in the wake of *Leatherman*, a case in which the plaintiffs plead *Monell* liability, even a "smattering of [conclusory] phrases" alleging *Monell* liability is sufficient to overcome a motion to dismiss.

The City argues that the plaintiffs' claims are time-barred. Because the plaintiffs have not specified the time period for which they allege misconduct on the part of the defendants, a statute of limitations defense does not appear on the face of the plaintiffs' complaint. Therefore, as discussed above in the context of claims made against Defendants Dahlberg and Bonamarte, the City cannot raise a statute of limitations defense. *See Khalil v. Town of Cicero*, 1989 WL 122414, at *1 (N.D.Ill. Oct. 2, 1989) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067 (11th Cir. 1984)). The claims against the City stand.

Mayor's and City Manager's Motions to Dismiss

The Mayor and City Manager of Highland Park, Daniel Pierce and David Limardi respectively, move to dismiss Count 1, arguing that the plaintiffs' allegations fail to comply with Rule 8 and that they are time-barred. In order to properly allege a § 1983 claim, the plaintiffs must allege "personal involvement" by each defendant in the deprivation of the plaintiffs' rights.

11

*Walker v. Taylorville Correctional Center*, 129 F.3d 410, 412 (7th Cir. 1997). Specifically, a plaintiff must allege that the defendant acted or failed to act with "a deliberate or reckless disregard of plaintiff's constitutional rights," or allege that the conduct causing the constitutional deprivation occurred "at [defendant's] direction or with [defendant's] knowledge and consent." *Figueroa v. City of Chicago*, 1999 WL 163022 (N.D.Ill. March 12, 1999) (quoting *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982)). Merely alleging that a defendant possessed knowledge of a constitutional deprivation, without alleging more as to the defendant's personal involvement in this deprivation, is insufficient to hold the defendant liable under § 1983. *See McNeil v. O'Leary*, 1993 WL 226289, at *5 (N.D.Ill. June 24, 1993) ("knowledge alone is insufficient to hold [the defendant] liable under § 1983") (citing *Crowder*, 687 F.2d at 1005-1006).

The plaintiffs allege in paragraph 22 that "Defendants Pierce and Limardi have knowingly allowed the [wrongful conduct] to continue, thereby ratifying the same. . . ." (Sec. Am. Compl. ¶22.) The plaintiffs do not allege that Pierce or Limardi expressly consented to, participated in, or ordered the wrongful conduct at issue. Furthermore, though the plaintiffs allege that Pierce and Limardi "knowingly allowed" this wrongful conduct, plaintiffs do not allege, and it cannot be reasonably inferred from the complaint, that the two had the legal duty, responsibility, or authority to correct this conduct. Plaintiffs have failed to allege the element of personal involvement necessary to state a § 1983 claim against Pierce and Limardi. Pierce and Limardi are dismissed from Count 1.

*§ 1983 Conspiracy Allegations*

Finally, all defendants move to dismiss the § 1983 conspiracy also alleged against them

as part of Count 1. They argue that the plaintiffs have failed to provide sufficient details to satisfy the Seventh Circuit's standards for pleading a § 1983 conspiracy. To plead a civil conspiracy, a plaintiff must allege an agreement on the part of the defendants to deprive him of his rights and an actual deprivation of those rights. *See Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993). "Mere allegations of joint action or a [Section 1983] conspiracy...are not sufficient to survive a motion to dismiss." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). In *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 859-60 (7th Cir. 1999), Judge Posner stated that bare allegations of a conspiracy cannot survive a motion to dismiss and added that in order to allege a conspiracy, a plaintiff needs to describe the "form and scope" of the conspiracy, such as the terms of the agreements constituting the conspiracy, when these agreements were formed, and what the participants' roles were. *See id.*

In Count 1, the plaintiffs make only conclusory allegations of a conspiracy, claiming that the "Defendants' violations of law and conspiracy while acting under color of state and municipal law" injured the plaintiffs. (Sec. Am. Compl. ¶25.) The plaintiffs provide none of the details that the Seventh Circuit requires in pleading conspiracies. Plaintiffs point to *Guy v. State of Illinois*, 958 F.Supp. 1300, 1308 (N.D.Ill. Feb. 13, 1997), stating that their allegations contain the same detail as those alleged by the plaintiffs in *Guy* and upheld by the court on the defendants' motion to dismiss. The problem for the plaintiffs is that unlike in *Guy*, they have not sufficiently pled facts from which this court can infer a conspiracy. For instance, in *Guy*, the complaint described a meeting at which the defendant conspirators were present. *See id.* The court in *Guy* noted that the plaintiff's allegations concerning this meeting led it to conclude that

13

the "requisite 'whiff of the alleged conspirator's [sic] assent' is apparent." *Id.* (quoting *Burns v. Cineplex Odeon, Inc.*, 1996 WL 501742 at *8 (N.D.Ill. Sept. 3, 1996)). The plaintiffs' allegations here are bereft of even the minimal detail provided by the plaintiff in *Guy*.

The plaintiffs alternatively argue that *Leatherman* does not require a plaintiff to plead any details when alleging a conspiracy. Problematic for the plaintiffs is that Seventh Circuit law is to the contrary. In *Ryan v. Mary Immaculate Queen Center*, a case before the Seventh Circuit, plaintiffs alleged that a defendant had conspired with other defendants to commit an illegal search in violation of the plaintiffs' Fourth Amendment rights. 188 F.3d 857, 858 (7th Cir. 1999). The plaintiffs in *Ryan* failed to make anything more than a "bare allegation" of a conspiracy by the defendant in question. *See id.* at 860. The court noted that although *Leatherman* prohibits courts from "tighten[ing] up" the pleading rules for "civil rights" cases, Rule 8 requires that plaintiffs provide "some minimum description of the defendant's complained-of conduct." *Id.* Because the plaintiffs alleged a conspiracy, they had to provide some detail regarding "the form and scope" of the conspiracy, such as when the conspiratorial agreement was formed, what its terms were, and what the individual defendant's role was. *See id.* Because the *Ryan* plaintiffs had provided none of this detail, the Seventh Circuit upheld the lower court's dismissal of the conspiracy count. *See id.* As in *Ryan*, the plaintiffs in this case make only bare allegations of a conspiracy. They provide none of the detail that the Seventh Circuit requires in pleading a conspiracy. The plaintiffs' allegations of a § 1983 conspiracy are therefore dismissed as to all defendants.

### Count 2: 42 U.S.C. § 1985

The defendants move to dismiss Count 2, arguing that the plaintiffs have failed to provide

sufficient detail to properly allege a § 1985 claim. The plaintiffs have alleged violations of two sections of § 1985. One section, § 1985(2), prohibits a conspiracy to prevent a person from testifying in federal or state judicial proceedings, while the other, § 1985 (3), prohibits a conspiracy to deprive a person of the equal protection of the laws. *See* 42 U.S.C. §§1985(2) and (3). Under either section, a plaintiff must allege (1) a conspiracy (2) to deprive him of his constitutional rights, and (3) an act in furtherance of the conspiracy (4) causing injury to the plaintiff. *See Roach v. City of Evansville*, 111 F.3d 544, 547 (7th Cir. 1997). Furthermore, as discussed above, a plaintiff may not make bare allegations of a conspiracy. *Ryan*, 188 F.3d at 859-60. Rather, a plaintiff needs to minimally describe the "form and scope" of the conspiracy, such as the terms of the agreements constituting the conspiracy, when these agreements were formed, and what the participants' roles were. *See id.* at 859-60.

Under either section of §1985, the plaintiff must allege a conspiracy with sufficient factual detail to put the defendant on notice of what he faces. Count 2, alleged against all defendants, states that the defendants' bad acts were aimed at deterring the plaintiffs and others from testifying in the current case and other cases arising from the officers' grievances, and were aimed at denying the plaintiffs the equal protection of the laws. The plaintiffs' allegations, however, fail to satisfy the pleading standards for alleging § 1985 conspiracies. Specifically, Count 2 fails to describe the agreements that the individual defendants entered into as part of a conspiracy, the roles they were supposed to play, and when they entered into them. Count 2 is, therefore, dismissed as to all defendants.

### Count 3: 42 U.S.C. § 1986

Both the plaintiffs and defendants agree that Count 3, a claim under 42 U.S.C. § 1986,

15

cannot stand if Count 2 cannot stand. A § 1986 claim prohibits the knowing failure to stop a § 1985 conspiracy.

Because Count 2 is dismissed as to all defendants, Count 3 is dismissed as to all defendants.

## Count 7: Conspiracy to Commit Common Law Fraud

Defendants move to dismiss Count 7, primarily arguing that plaintiffs have not met the particularity requirements of Federal Rule of Civil Procedure 9 for pleading claims of fraud. Plaintiffs have not responded to this argument.

In order to state a claim for conspiracy, a complaint must allege (1) an agreement between at least two people for the purpose of accomplishing some unlawful purpose or some lawful purpose by unlawful means, and (2) at least one tortious act by one of the co-conspirators in furtherance of the agreement. *See Adcock v. Brakegate*, Ltd., 164 Ill.2d 54, 62, 645 N.E.2d 888, 894 (Ill.App.Ct. 1994). In order to state a claim for common law fraud in Illinois, a plaintiff must allege: (1) a false statement of material fact; (2) the party making the statement knew or believed it to be untrue; (3) the party to whom the statement was made had a right to rely on the statement; (4) the party to whom the statement was made did rely on the statement; (5) the statement was made for the purpose of inducing the other party to act; and (6) the reliance by the person to whom the statement was made led to that person's injury. *See Typographics, Inc. v. I.M. Estrada & Co.*, 2000 WL 10006572, *2 (N.D.Ill. July 19, 2000).

Besides incorporating the first twenty-two paragraphs of Count 1 by reference, Count 7 consists of two brief paragraphs of legal conclusions followed by a prayer for relief. As

defendants argue, plaintiffs have thrown on the defendants and the court the task of sifting through an undifferentiated mass of factual allegations to try to find the fraud elements. The defendants should not be required to do so. Indeed, not only is it difficult to tell whether the claim is pleaded with particularity, a requirement of Rule 9, it is also difficult to tell whether the claim is pleaded at all. Count 7 is dismissed as to all defendants.

## Conclusion

For the foregoing reasons, plaintiffs' motion to dismiss Counts 4-6 is granted, and defendants' motions to dismiss all remaining counts are granted in part and denied in part.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 7, 2001